UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No.: 5:25-CT-3304-BO

| | |
|---|---|
| AJANAKU E. MURDOCK,<br>Plaintiff,<br><br>v.<br><br>LARRY DAIL, *et al.,*<br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

NOW COMES Larry Dail, Cornelius Dickerson, Natosha Lynch, Adam Steed, and Kenneth White (hereinafter, "Defendants"), by and through Undersigned Counsel, to file this Memorandum in Support of their Motion to Dismiss. In summary, Plaintiff's Complaint should be dismissed because he has more than three strikes.

## I. STATEMENT OF THE CASE

On December 1, 2025, Pro Se Plaintiff Ajanaku E. Murdock (hereinafter "Plaintiff") filed his complaint under 42 U.S.C. § 1983. [DE-1]. On May 20, 2026, this Court conducted a frivolity review allowing his deliberate indifference, failure to protect and supervisory liability[1] claims to proceed. [DE-9]. On July 17, 2026, Defendants filed waivers of service, making Defendants' answer due September 15, 2026. [DE-14]. In lieu of an Answer, Defendants file this Motion to Dismiss.

## II. STATEMENT OF FACTS

On December 1, 2025, Plaintiff filed his initial complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs. [DE- 1, 2]. On December 3, 2025, this court

[1] Defendants interpret Plaintiff's claims to be as such.

allowed Plaintiff to proceed pursuant to 28 U.S.C. § 1915(a). [DE- 5]. However, Plaintiff has three strikes pursuant to the "Three Strikes Rule":

- Murdock v. D.C. Murray, Crystal Beale, No. 5:14-cv-109-FDW, (WDNC July 18, 2014) (§ 1983 action dismissed where a defendant "enjoys absolute immunity from suit" and the remaining claims were "barred by the applicable three-year statute of limitations);
- Murdock v. FNU Gamewell, et. al., No. 5:24-cv-00170-KDB, (WDNC September 20, 2024) (§ 1983 action dismissed "because Plaintiff has failed to state any claim for relief…");
- Murdock v. Kevin Ingram, et. al., No. 3:24-cv-473-GCM, (WDNC October 7, 2024) (§ 1983 action dismissed because the claims were "time-barred").

## III. STANDARD OF REVIEW

Motions to dismiss pursuant to the "Three Strikes Rule" are reviewed under the procedural processes of 28 U.S.C. § 1915, et seq. and consistent with established case law. Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

The Court is allowed to consider certain types of extrinsic evidence, including "official public records, documents central to a plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 Fed. App'x. 395, 396-97 (4th Cir. 2006) (citing, in part, Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting court to take judicial notice of public documents, such as court records, even when the documents are neither referred by nor integral to plaintiff's complaint)).

## IV. LEGAL ARGUMENT

### A. PLAINTIFF HAS ACCUMULATED "THREE STRIKES" AND AS SUCH, HIS CLAIMS ARE SUBJECT TO DISMISSAL

#### i. "Three Strikes Rule"

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). This is colloquially known as the "three strikes rule."

Two of Plaintiff's prior civil actions were dismissed on the grounds that the claims were barred by the statute of limitations. Claims that are dismissed because they are barred by the statute of limitations is "subject to dismissal for failure to state a claim..." Jones v. Bock, 549 U.S. 199, 215 (2007); *see also* Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). As such, Plaintiff has filed three prior civil actions while being incarcerated as a prisoner that were dismissed on the grounds that the action failed to state a claim upon which relief could be granted, thus Plaintiff has obtained three strikes.

#### ii. Plaintiff's Complaint Does Not Fall Within an Exception

The only exception allowing an action to proceed under section (g) when a prisoner has three strikes is if the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff has not made this heightened showing. Furthermore, Plaintiff is no longer housed at Central Prison, where he alleges the events took place. At the time of filing this complaint, Plaintiff was housed at Alexander Correctional Institution. [DE-1]. Plaintiff fails to allege

"sufficient factual allegations to support a conclusion… that he was under imminent danger of [serious] physical injury" as is the required showing under the statute. Hall v. United States, 44 F.4th 218, 222 (4th Cir. 2022).

**iii. Plaintiff's Complaint should be dismissed**

When a plaintiff files a complaint in forma pauperis, but has three strikes, the proper procedure is to "dismiss the [present] Complaint" and the "Plaintiff may refile his Complaint after he has prepaid the filing fee in full". Brown-Bey v. North Carolina, 2019 WL 6717045 (W.D.N.C. Dec.10, 2019); *see also* Bruce v. Samuels, 577 U.S. 82, 86 (2016) (ruling that prisoners whose cases were previously dismissed three times for failing to state a claim cannot proceed as in forma pauperis and must pay filing fees upfront); Lisenby v. Lear, 674 F.3d 259, 263 (4th Cir. 2012) (filing fee must be paid in full prior to filing when the "Three Strikes Rule" applies).

## V. CONCLUSION

Plaintiff has accumulated three strikes from previous actions and therefore this action cannot proceed under in forma pauperis.

This the 14th of September, 2026

JEFF JACKSON
ATTORNEY GENERAL

/s/ Jadae K. Bridges________
Jadae K. Bridges
Assistant Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6907
Facsimilie: (919) 716-6761
jbridges@ncdoj.gov
State Bar No. 59766
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by depositing a copy in the U.S. Mail, postage prepaid, addressed as follows:

Ajanaku Murdock
Opus No. 0634508
Alexander Correctional Institution
633 Old Landfill Road
Taylorsville, NC 28681

This the 14th of September, 2026.

/s/ Jadae K. Bridges______
Jadae K. Bridges
Assistant Attorney General