UNITED STATES DISTRICT COURT - EASTERN DISTRICT OF
NORTH CAROLINA WESTERN DISTRICT

File No.: 5:25-CT-3304-BO

FILED
OCT 08 2026
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY JAB DEP CLK

Ajanaku Murdock, )
Plaintiff, ) PLAINTIFFS RESPONSE TO DEFENDANTS
V. ) MOTION TO DISMISS
Larry Dail, et al., )
Defendants, )

NOW COMES, Ajanaku Murdock, Pro Sé Petitioner in the above-captioned matter requests/moves the Court to deny Defendants Motion To Dismiss, for the following reasons:

THE THREE STRIKES PROVISION

1: Pursuant to U.S.C. §1915(g) Plaintiff does not have three strikes according to the wording of the law. This provision means that if Plaintiff has had three complaints or appeals dismissed as frivolous, malicious, or failing to state a claim, he cannot proceed in forma pauperis, unless he can show he is in imminent danger of serious injury.

(a) Plaintiff does not have prior cases that fit this criteria.

(b) Plaintiff has already passed the screening process in this case. Defendants are using the fact that after Plaintiff attempted to refile a case he voluntarily dismissed, he incurred a strike while the above case was already filed. Plaintiff,

therefore is not subjected to sanction/restriction of the three strikes provision of the Prison Litigation Reform Act. (Herein after P.L.R.A.).

2- A case dismissed for any other reason than frivolous, malicious, or failure to state a claim is NOT a strike. See Tafari v. Hues, 473 F.3d 440, 443 (2nd Cir. 2007) (refusing to treat an appeal dismissed as premature as a strike, stating the "P.L.R.A. was designed to stem the tide of egregiously meritless law-suits, not those temporarily infected with remediable procedural or jurisdictional flaws")

(a) Two of the three cases Defendant used in support of their motion To Dismiss does not fit the criteria according to the U.S.C. 1915(g) Statute.

(b) Also, Dismissal for suing an immune Defendant is not a strike since that also does not appear in § 1915 (g).

(c) Also, a case that was voluntarily withdrawn is not a strike... nor an action that was never accepted for filing be a strike, such as my previous ~~cas~~ claim Murdock v. Atkins when it wasn't accepted when I refiled it.

(d) One recent decision holds that dismissal without prejudice for failure to state a claim is not a strike, since such dismissals include perfectly meritorious cases that were inadequately pled, though dismissal as frivolous is always a strike. See McLean v. U.S. 566 F.3d 391, 396-99 (4th Cir. 2009)

3- The Three Strikes provision cannot be used to revoke

in forma pauperis status in a case filed before the Plaintiff had three strikes, since the statute restricts prisoners ability to "bring" suit if they have three strikes, not their ability to maintain suits previously brought. See, Nicholas v. American Detective Agency, 254 Fed. Appx. 116, 117 (3rd Cir. 2007)

Furthermore, a case is "brought" for these purposes when the Plaintiff tenders the complaint to the Court, even if there is a significant time lag caused by the in forma pauperis and merits screening before it is filed. See, Elkins v. Schrubbe, 2005 W.L. 1154273, *1 (E.D. Wis., Apr 20, 2005)

# FACTS

• Prisoner "Pickett" (he slept in cell 16 in C-Block West on unit 1 - came out his cell for recreation. Prisoner in cell 13 popped out of his cell and assaulted Pickett. His name I believe is Greg Johnson, Pickett also defended himself. This incident took place in the later half of 2024.

• In early 2025, (maybe January or February) another prisoner on lock up, but on the unit that's regular segregation, but still a LOCK UP UNIT, a prisoner hid out on another prisoner by staying in the shower while the booth officer failed to secure him in his cell.

• On 3-4-25, a prisoner hid out in the same cell 16 (which was never shut since the last assault in that block) and attacked me with a knife. I too defended myself.

• On 3-27-25 prisoner in C-Block East cell CL-202, hid out on prisoner Carter who slept in cell CL-203 and slid inside Carter's and they assaulted each other.

• On 3-5-25 (I forgot to mention) on or about that day, prisoner "Cherry" popped out in A-Block on Unit 1 and assaulted someone.

• These are just a few incidents of assaults at Central Prison due to the cell doors and officials deliberate indifference to this severely unsafe prison condition, without doing any-thing to protect prisoners or even staff from these types of assaults. To my knowledge, this condition dates back to circa 2005 or 2006 when a prisoner hid out and assaulted prisoner William Earl Floyd by stabbing him in the face. That case was settled for around 15-20 thousand dollars.

• Also on 12-31-24 (on or about that day) in C-Block West downstairs at about 7:45 a.m. ~~cell~~ prisoner in cell # 9 hid out and assaulted another prisoner while Officer Abraham was in the booth controlling the doors.

• The Defendants were well aware of the unsafe and very dangerous prison conditions; were also made aware of it, and by their position and/or job titles alone, requires them to rectify the unsafe conditions but all failed to do so. I want/NEED to mention that these assaults all occurred on a lock up unit where a prisoner can never be in direct contact with another prisoner or staff AT NO TIME!!!



Pg. 4 of 7

Allowing this case to proceed, Discovery will not only specify each of the Defendants position and/or occupational requirements, the video footage alone will also show direct evidence of the Defendants deliberate indifference, and how Plaintiff was denied his 8th Amendment Right, while all Defendants were acting under color of ~~law~~ state law.

## ADDITIONAL FACTS

• To survive a motion to dismiss, Plaintiffs complaint must 'include "enough facts to state a claim to relief that is plausible on its face" [Bell Atlantic v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)] and do so for each element of my claim. Plaintiff has met those requirements in his complaint. See, Phillips v. County of Allegheny, 515 F.3d 884, 884 (3rd Cir. 2008)

• In deciding a motion to dismiss, the Court is required to "accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the Plaintiff.

• Defendants are presenting a sham pleading by this Motion to Dismiss by misleading verbiage in interpreting the P.L.R.A. provision. The ~~Cot~~ Courts ORDER on 12-3-25 was done so prior to any "strike" being a third one against me. Despite numerous attempts by Plaintiff to keep the case moving.

• Finally, Defendants waive service of summons on 5-20-2026, which allotted them 60 days to answer my

complaint, which Defendants failed to do so. Their Motion to Dismiss comes approximately 48 days AFTER the deadline of the allotted 60 days given to them pursuant to the Fed. R. Civ. P., totalling 108 days after their waiver of service of summons.

Therefore, technically, Defendants are in default but due to the confusion of the P.L.R.A. which in part says "though the Court can direct a reply, it cannot grant any relief against the defendants "unless a reply has been filed", pursuant to 42 U.S.C. §1997e(g)(1)-(2). So in good faith, Plaintiff didn't waste the Courts time. However, their Motion To Dismiss should not be granted for the reasons set forth in this response.

## IN CONCLUSION

Plaintiff is not well versed in the law to cite precise legal precedent; what Plaintiff does know, that he was fighting for his life on account of Defendants deliberate indifference. Two nurses and Dickerson came into the block while the prisoner was laying in wait for me. He could've killed one of them or assaulted them. This is a very dangerous prison condition.

In the event the Court grants Defendants this motion, plaintiff humbly requests that he be allowed to file at a later date, no longer than the 3 year statute of limitations from the date Plaintiff filed his complaint OR date of the incident, whichever the Court deems appropriate.



Pg. 6 of 7

CERTIFICATE OF SERVICE

I do hereby certify that today I have served the foregoing "Plaintiffs Response To Defendants Motion To Dismiss" by delivering the same to officials at A.X.C.I. #4870 to be placed in their U.S. Mailbox, first-class delivery, postage prepaid, to be sent to the party below.

Eastern District of North Carolina
Office of the Clerk
P.O. Box 25670
Raleigh, NC 27611

* NOTE - I'm placing this in the mailbox on 10-2-26 (a Friday) the mailroom personnel doesn't come back til' the 5th of Oct. 2026. They've told me that they're having some complications with the U.S.P.S. picking up our mail extremely late. Some of my mail has taken 24 days to get to Charlotte, NC. In the event this doesn't reach the Court before my deadline (21 days after 9/15/26) I'm citing the mailbox rule because I don't want to be retaliated against anymore at this facility for writing grievances.

Respectfully submitted this 2nd day of October 2026.

Signature Murdock
Alexander Corr. Inst.